IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0263 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITIONER'S
MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF
HABEAS CORPUS FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

Came for consideration petitioner BARRY DWAYNE MINNFEE 's motion for leave to file a petition for a writ of habeas corpus filed on August 21, 2006.[1] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's motion should be DENIED.

I.
PROCEDURAL HISTORY

Petitioner originally filed the instant case with the Western District Texas, San Antonio Division and the case was transferred to this Court by written Order on September 28, 2006. In his

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

habeas application petitioner is attempting to challenge a May 2, 2005 conviction for the offense of robbery out of the 320th District Court of Potter County, Texas, for which he received a life prison sentence. Petitioner asserts he directly appealed his conviction to the Court of Appeals for the Seventh District of Texas who, on July 5, 2006, affirmed the conviction and sentence. Petitioner also states he filed a state habeas application with the Texas Court of Criminal Appeals in November 2005 but that such was dismissed on January 4, 2006 because his direct appeal was pending. An Order to Show Cause Why Petitioner's Motion for Leave to File a Petition for Writ of Habeas Corpus Should Not be Denied for Failure to Exhaust State Court Remedies issued October 4, 2006 and petitioner filed his response on October 19, 2006.

## II.
## EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I)    there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).  To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).  This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims.  *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition.  *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982),

*cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 2005), or on direct appeal by a petition for discretionary review.

In his motion for leave and the attached federal habeas application, petitioner has indicated he filed a state habeas application related to the robbery conviction with the Texas Court of Criminal Appeals on August 7, 2006. A review of the Texas Court of Criminal Appeals docket for petitioner MINNFEE shows such state habeas application was received by the Texas Court of Criminal Appeals on October 3, 2006 and is pending. As stated *supra*, petitioner filed his response to this Court's Order to Show Cause on October 19, 2006. Although petitioner's response is unnecessarily lengthy and contains irrelevant information, to the extent the Court can decipher petitioner's response, it does not help him. Petitioner has provided nothing to show his claims presented herein have been exhausted. Accordingly, petitioner's grounds raised in this federal habeas application have not been exhausted. Consequently, even if this Court were to grant the motion for leave to file the petition, the petition would be dismissed for failure to exhaust.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion for Leave to File Petition for Writ of Habeas Corpus filed by petitioner BARRY DWAYNE MINNFEE be, in all things, DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of October 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).